**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GEORGENE BURGESS,

Plaintiff,

               CIVIL ACTION FILE NO.

v.

COMENITY, LLC., d/b/a
COMENITY BANK,

  Defendant.
_____/

## **COMPLAINT**

  Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### **I. PRELIMINARY STATEMENT**

  This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant.

  Plaintiff, an individual and consumer, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant, who is a debt collector or who was attempting to collect a debt that Plaintiff disputed, for violations of State and Federal law as set forth below.

  Plaintiff alleges that Defendant contacted Plaintiff's in a manner that violates the Telephone Consumer Protection Act seq. because Defendant contacted and continued to contact Plaintiff via an ATDS or predictive dialer, to Plaintiff's cell phone and said contact on the part of Defendant was also contrary to Plaintiff's cease and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop contacting Plaintiff's cell phone and further because Defendant had no consent to contact

Plaintiff's cell phone in the first place.  Moreover, Plaintiff had not relationship with Defendant and had not conducted any business with Defendant and Defendant or agents/representatives of Defendant were apparently trying to collect upon an account that did not belong to or concern Plaintiff.  Regardlesss, Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with an intent to annoy and harass Plaintiff.  Defendant called Plaintiff's cell phone repeatedly without authorization in violation of the Telephone Consumer Protection Act by calling Plaintiff's cell phone with an automated telephone dialing system and leaving pre-recorded messages on Plaintiff's cell phone. The last four digits of Plaintiff's cell phone number are 7566 and the service provider is Verizon.

Notably, Defendant did not have an account established for Plaintiff and Plaintiff has no business relationship with Defendant and Defendant did not have consent to contact Plaintiff's cell phone or to attempt to collect a debt against Plaintiff in the first place because Defendant did not send Plaintiff a validation letter, pursuant to Section 1692(g) of the Fair Debt Collection Practices Act.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Tampa, Florida.
2. Defendant is a foreign for profit corporation, 47 U.S.C. 227, the Telephone Consumer Protection Act.
3. Defendant, a self described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C.  1331.
5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Highlands County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV.  Factual Allegations

6. Plaintiff is a consumer, whose telephone number ends in 7566, whose service was provided by Verizon.

7. Defendant is a debt collector.

8. Plaintiff issued cease and desist instructions to Defendant on or about April 21st, 2016, just after having received the first batch of offending calls from Defendant on or about April 9th, 2016.

9. Defendant continued to contact Plaintiff in regards to the alleged debt multiple times after Plaintiff had issued a cease and desist instruction which Defendant received, using pre-recorded messages and/or ATDS related calls.

10. Defendant uses the address 3100 Easton Square Place, Columbus, Ohio 43219.

11. Defendant receives mail at 3100 Easton Square Place, Columbus, Ohio 43219, including mail sent via U.S. First Class Mail through the United States Post Office.

12. Defendant sends mail through the United States Post Office.

13. Defendant sends mail through the United States Post Office using First Class Mail.

14. Defendant uses First Class Mail via the United States Post Office to send notices and letters to consumers.

15. Defendant employees more than one employee to retrieve Defendant's incoming mail.

16. Defendant employees more than one employee to sort Defendant's incoming mail.

17. Defendant receives in excess of 100 items of mail each business day via First Class Mail through the United States Post Office.

18. Defendant received in excess of 500 items of mail each business day via First Class Mail through the United States Post Office.

19. Defendant received in excess of 1000 items of mail each business day via First Class Mail through the United States Post Office.

20. Defendant maintains a policy in regards to the handling of incoming mail.

21. Defendant does not maintain a written policy of handling incoming mail.

22. Defendant does not publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

23. Defendant does publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

24. Defendant does not own the debt that Defendant was attempting to collect from Plaintiff.

25. Defendant does own the debt that Defendant was alleging against Plaintiff.

26. Defendant informed Plaintiff that Defendant was trying to collect a debt.

27. Defendant did not issue initiating correspondence to Plaintiff giving Plaintiff and opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

28. Defendant did issue initiating correspondence to Plaintiff giving Plaintiff and opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

29. Defendant has no factual basis to allege a consumer debt against Plaintiff.

30. Defendant was not entitled to contact Plaintiff after having been notified that Plaintiff did not want Defendant to contact Plaintiff again. Defendant did not have consent to contact Plaintiff's cell phone.

31. Defendant's office addresses each contain computers with internet access.

32. Defendant office address at 3100 Easton Square Place, Columbus, Ohio 43219, contains computers with internet access.

33. Defendant maintained computers at each of Defendant's business addresses for the four years preceding this complaint.

34. Defendant uses telephones to contact consumers.

35. Defendant uses predictive dialers (as defined by the Telephone Consumer Protection Act) to contact consumers via phone. The telephone system used by Defendant for the purpose of making outbound calls to consumers, including Plaintiff, that is connected to a server and/or computer.

36. Defendant uses automated telephone dialing systems (as defined by the Telephone Consumer Protection Act) to contact consumers via phone.

37. Defendant contacted Plaintiff calling Plaintiff's cell phone telephone.

38. Defendant maintains a paper file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

39. Defendant maintains an electronic file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

40. Defendant maintains business records.

41. Among Defendant's business records, Defendant has documents, electronic and or paper, that contain Plaintiff's name and address.

42. Defendant conducts interstate commerce in the United States.

43. Defendant maintains calls centers in the United States.

44. Defendant publishes no time frame for the processing of Defendant's incoming mail.

45. Defendant publishes no time frame for opening Defendant incoming mail.

46. Defendant's internal policies and procedures do not specify any particular time for opening incoming mail.

47. Defendant does not prioritize certified mail over mail Defendant receives via First Class mail.

48. Defendant does not treat incoming first class mail any different that certified mail that Defendant receives.

49. Defendant does not require consumers to contact Defendant via certified mail.

50. Defendant did not require Plaintiff to contact Defendant via certified mail.

51. Defendant contacted Plaintiff in writing on at least one occasion prior to the filing of this action.

52. Defendant knew that Plaintiff was represented by legal counsel prior to contacting Plaintiff on multiple occasions despite Plaintiff's cease and desist instructions of which Defendant was aware.

## IV.

**Violations of Federal Consumer Protection Statues, 47 U.S.C 227.**

53. Plaintiff re-alleged and incorporated paragraphs above set forth above, particularly paragraphs 6-52.

54. These complained of actions (as alleged above, including but not limited to paragraphs 1 to 52) on the part of Defendant, because Defendant continued to contact Plaintiff after being advised that such contact was against Plaintiff's the wishes and directives of Plaintiff, in a manner designed to harass or annoy Plaintiff and to disregard the lawful rights of Plaintiff by calling Plaintiff's phone and causing it to ring repeatedly with the intent to harass and/or annoy Plaintiff.  In addition, these same complained of actions also violated the Telephone Consumer Protection Act *because* Defendant called Plaintiff's cell phone with an automated telephone dialing system, calling Plaintiff cell number ending in 7756 repeatedly with an ATDS as defined by the statute without consent for non-emergency purposes in the four month preceding the institution of this action, without consent.  Upon information and belief, Defendant called Plaintiff's cell phone number above more than forty five times from April 9th, 2016 to April 21st, 2016.

55. Indeed, Plaintiff advised Defendant to stop contacting Plaintiff's and that Plaintiff did not wish to receive any more calls or even written contact from Defendant, yet Plaintiff continued to be contacted by Defendant (post cease and desist instruction), who intended to harass and or annoy Plaintiff and by disregarding the rights of Plaintiff under the law, and continuing to contact Plaintiff in regards to an alleged consumer debt. Further, Defendant did not have consent to contact Plaintiff's cell phone in the first place.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to 47 U.S.C. Section 227. Fair and reasonable costs of this action, court costs, where provided for by law;

(2)  Such other and further relief that the Court deems just and proper.

**s/ W. John Gadd**
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com
